UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. DAVIESSON,<br>　　　　Petitioner,<br>　　v.<br>RON BROOMFIELD,<br>　　　　Respondent. | Case No. 20-cv-03568-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 1 |

## I.  INTRODUCTION

Eric C. Daviesson, an inmate at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.  BACKGROUND

Mr. Daviesson was charged with multiple felony counts relating to incidents that occurred in August 2012, April 2013, and May 2013; eventually, he pled no contest to some charges and was put on probation in 2013. *See People v. Daviesson*, No. A145074, 2017 WL 4586111, at *1-2 (Cal. Ct. App. Oct. 16, 2017). The Sonoma County Superior Court later revoked his probation on 10 felony convictions and resentenced him to an aggregate state prison term of 19 years and four months. *Id.* at 1. On appeal, the California Court of Appeal rejected Mr. Daviesson's efforts to obtain a reversal of the orders revoking probation but did remand for resentencing in one of the cases. *Id.* Mr. Daviesson reports that he was resentenced on May 9, 2018 to ten years' imprisonment. Docket No. 1-3 at 1.

Mr. Daviesson reports that he filed an unsuccessful appeal and unsuccessful petitions for

1   writ of habeas corpus in the state courts. He then filed this action.

## III.     DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Daviesson's federal petition alleges several claims based on actual innocence. First, he contends that he is actually innocent of the sentence enhancement imposed for the infliction of great bodily injury in Case No. SCR-662762 and has newly discovered evidence (i.e., medical records) to show it. Second, he alleges that the prosecutor concealed the medical records proving that great bodily injury did not occur in Case No. SCR-662762. Docket No. 1-3 at 6, 26; *see also id.* at 8 (citing *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959)). Third, Mr. Daviesson alleges that defense counsel provided ineffective assistance by failing to investigate to discover the medical records. *See* Docket No. 1-3 at 6, 27; *see also id.* at 8 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Fourth, Mr. Daviesson alleges that his guilty plea to the great-bodily-injury enhancement was not knowing, intelligent, or voluntary "because the plea was to a crime that does not exist, and was the direct result of the concealment of exculpatory evidence, suborned perjury, and the ineffective assistance of counsel." *Id.* at 30. Giving the petition the liberal construction to which it is entitled, the Court cannot say that these claims are meritless. Respondent must respond to them.

Mr. Daviesson also contends that there was a "denial of access to the courts" because the superior court that decided his petition for writ of habeas corpus "did not address and did completely ignore the claim of newly discovered evidence of actual innocence," and the California

2

1  Court of Appeal and California Supreme Court summarily denied his habeas petitions while
2  "completely ignor[ing] the claim of newly discovered evidence of actual innocence," Docket No.
3  1-3 at 6-7.  Even assuming a denial-of-access-to-the-courts claim could exist based on a court's
4  failure to discuss a claim presented to it, Mr. Daviesson's claim must be dismissed because it
5  alleges an error in the state habeas proceedings, rather than an error at trial or on direct appeal.
6  　　　　Errors in the state post-conviction review process are not addressable through federal
7  habeas corpus proceedings.  *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (state judge's
8  refusal to appoint counsel in second post-conviction relief proceeding might be a violation of
9  Arizona law, but does not constitute ground for a federal habeas claim because there is no
10 constitutional right to an attorney in a state post-conviction proceeding); *Gerlaugh v. Stewart*, 129
11 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997);
12 *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (dismissing claim that state court's delay of
13 over a year in deciding petitioner's state post-conviction relief petition was in violation of his right
14 to due process; "a petition alleging errors in the state post-conviction review process is not
15 addressable through habeas corpus proceedings").  Such errors do not generally represent an attack
16 on the prisoner's detention and therefore are not proper grounds for habeas relief.  They instead
17 generally pertain to the review process itself and not to the constitutionality of a state conviction.
18 *See, e.g*., 28 U.S.C. § 2254(i) (claims of ineffective assistance of state or federal post-conviction
19 counsel not cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state habeas
20 proceeding not addressable in federal habeas); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.
21 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas).  A
22 petitioner may argue, in support of a claim of a constitutional error at trial, appeal or sentencing
23 that the state court erred in its analysis of that claim when the state court addressed the claim on
24 collateral review – as part of the petitioner's showing that the state court's rejection of his
25 constitutional claim was contrary to or an unreasonable application of Supreme Court precedent,
26 *see* 28 U.S.C. § 2254(d) -- but the petitioner cannot assert a separate and independent claim for
27 federal habeas relief that there was an error in the state habeas proceedings.
28 　　　　The rule that federal habeas courts cannot address errors in the state post-conviction

United States District Court
Northern District of California

1  procedure (such as a state habeas proceeding) may appear confusing at first blush in light of the
2  fact that federal habeas courts routinely entertain claims that were presented in state court in a
3  state habeas petition. The critical dividing point for determining whether the claim is barred by
4  the rule in the preceding paragraph is whether the claim is of a constitutional violation at the
5  underlying trial, appeal and sentencing, or of an alleged constitutional violation in the state habeas
6  proceedings. In a federal habeas action, the former can be entertained but the latter cannot.
7  Although claims may arrive in a federal habeas court after having been presented to state courts in
8  state habeas petitions, the federal court can entertain only those claims that pertain to the trial,
9  appeal, and sentencing, but not to the state habeas proceeding. Here, Mr. Daviesson's denial-of-
10 access-to-the-courts claim is not cognizable in a federal habeas action because it is for an error
11 occurring in the state habeas proceeding, i.e., the state habeas court's alleged failure to explicitly
12 address one of his claims. The denial-of-access-to-the-courts claim must be dismissed without
13 leave to amend.

## IV.  CONCLUSION

For the foregoing reasons,

1. The denial-of-access-to-the-courts claim is dismissed without leave to amend. Respondent must respond to the other claims in the petition.

2. The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **November 20, 2020,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **December 31, 2020**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep

the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

**IT IS SO ORDERED**.

Dated: September 11, 2020

_____
EDWARD M. CHEN
United States District Judge